# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RAMON MARTINEZ, ET AL.**                          **CIVIL ACTION NO.**

**VERSUS**

                                                     **24-412-SDD-EWD**

**KLLM TRANSPORT SERVICES, LLC, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 27, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RAMON MARTINEZ, ET AL.**                                          CIVIL ACTION NO.

**VERSUS**

                                                                                     **24-412-SDD-EWD**

**KLLM TRANSPORT SERVICES, LLC, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Plaintiffs' Motion to Remand to State Court,[1] filed by Ramon Martinez, Barbara Martinez, and Julio Pelegrino (together, "Plaintiffs"). The Motion is opposed by KLLM Transport Services, LLC ("KLLM") and Christopher Michael Slade ("Slade") (together, "Defendants").[2] The matter is fully briefed and oral argument is not necessary.[3]

Defendants have failed to adequately allege the citizenship of the Thomas Milton Duff Amended and Restated Trust and the James Earnest Duff Amended and Restated Trust pursuant to controlling case law. Nevertheless, because Defendants may be able to establish that the Trusts are diverse from Plaintiffs, and in light of the guidance set forth in this Report, it is recommended[4] that the Motion be denied at this time, and that Defendants be given a final opportunity to adequately assert the citizenship of the Trusts pursuant to 28 U.S.C. § 1653.

I.     **BACKGROUND**

Plaintiffs seek damages for injuries arising out of a motor vehicle accident. On January 5, 2024, Plaintiffs filed their Petition for Damages and Request for Notice ("Petition") against

---

[1] R. Doc. 10 and *see* R. Doc. 20 (Plaintiffs' reply memorandum).

[2] R. Doc. 15.

[3] Oral argument is discretionary. Local Civil Rule 78(b).

[4] *See, e.g., Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.").

Defendants in Louisiana state court.[5]  The Petition alleges that, on January 24, 2023, Plaintiffs'

vehicle was travelling on the interstate in Port Allen, Louisiana, when it was struck by the vehicle

operated by Slade, and owned by Slade's employer, KLLM.[6]  Plaintiffs contend that the accident

was caused by the negligence of Slade, for which KLLM is also liable.[7]

On May 24, 2024, Defendants removed the case to this Court, alleging diversity

jurisdiction under 28 U.S.C. § 1332.[8]  The original Petition for Removal ("Notice of Removal")

adequately alleged that the requisite amount in controversy is met based on Plaintiffs' response to

a pre-removal Request for Admission, admitting that Barbara and Ramon each claim damages

exceeding $75,000, exclusive of interest and costs.[9] The original Notice of Removal also

adequately alleged the Florida citizenship of all three Plaintiffs and the Mississippi citizenship of

---

[5] R. Doc. 1-4.

[6] R. Doc. 1-4, ¶¶ 3, 6.  Ramon Martinez ("Ramon") was the driver of the vehicle, in which Barbara Martinez ("Barbara") and Julio Pelegrino ("Pelegrino") were passengers. *Id.* at ¶ 3.

[7] R. Doc. 1-4, ¶¶ 4, 6. Plaintiffs assert claims for property damage, rental expenses, loss of use of the vehicle, pain and suffering, and loss of consortium, *etc*.  R. Doc. 1-4, ¶¶ 2, 5.

[8] R. Doc. 1. The original Notice of Removal was substituted with Defendants' first Amended Notice of Removal in response to the Court's Notice and Order. *See,* R. Docs. 4, 8, 9.

[9] R. Doc. 1, ¶¶ 12-16 and R. Doc. 1-7 (Plaintiffs' 4/25/24 responses to Defendants' Requests for Admissions of Fact: "Admission No. 1: The good faith amount in dispute between plaintiffs and defendant exceeds $75,000.00, exclusive of interest and costs."  "Answer To Request For Admission No. 1: Denied as written. In accord with Code of Civil Procedure article 893, the amount in controversy is insufficient to support the jurisdiction of the federal courts. **Answering more specifically, the claim of Ramon Martinez exceeds the sum or value of $75,000, exclusive of interest and costs. The claim of Barbara Martinez exceeds the sum or value of $75,000, exclusive of interest and costs.** The claim of Julio Pelegrino does not exceed the sum or value of $75,000, exclusive of interest and costs." (emphasis added). As such, supplemental jurisdiction exists over Julio's claims. *See, Exxon Mobil Corporation v. Allapattah Services, Inc.,* 545 U.S. 546 (2005)("Where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies § 1332(a)'s amount-in-controversy requirement, § 1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the requisite amount.") and *Johnson v. Sentry Select Ins. Co.,* No. 17-1626, 2018 WL 4512190, at *8 (M.D. La. July 6, 2018) (Dick, C.J.) (same, applying *Allapattah Services, Inc.*) (both cited in the Notice of Removal, R. Doc. 1, ¶¶ 14-15).  Furthermore, Plaintiffs' unequivocal, "more specific" admission that Ramon's and Barbara's damages each exceed $75,000, exclusive of interests and costs, indicates that Plaintiffs value their claims above $75,000, regardless of their generalized allegation that the amount in controversy is insufficient to support federal jurisdiction. As such, Ramon's and Barbara's claims are each likely to exceed $75,000 exclusive of interest and costs, which satisfies the amount in controversy requirement for the case and supplemental jurisdiction may be exercised over Julio's claim.

Defendant Slade.[10]    However, the original Notice of Removal did not adequately allege the citizenship of KLLM, a limited liability company ("LLC"), because it only alleged the residency of the trustees and beneficiaries of the trusts to which KLLM unwinds.    On May 28, 2024, the Court *sua sponte* ordered KLLM to file an amended Notice of Removal that properly alleged the citizenship of all parties.[11]    On June 5, 2024, KLLM filed its Motion to Substitute Petition for Removal, which revised KLLM's citizenship allegations to state that it was "100% wholly owned" by Investment Transportation Services, LLC, that has one member, Duff Capital Investors, LLC, which itself is "wholly owned" by two members comprised of two trusts, each of which has a single identified trustee (Thomas Milton Duff and James Earnest Duff) domiciled in Mississippi.[12] The Motion to Substitute was granted, substituting the Amended Notice of Removal in place of the original Notice of Removal.[13]

A week later, Plaintiffs filed the Motion, alleging: "Defendants have not shown sufficient facts to prove complete diversity of citizenship," and in particular, that (1) Defendants' allegations that KLLM and downstream member Duff Capital Investors, LLC are "wholly owned" by an LLC and the two trusts, respectively, are allegations of ownership that are inadequate to establish membership, and (2) Defendants failed to adequately identify the citizenship of the two trusts.[14]

---

[10] R. Doc. 1, ¶¶ 3, 18, 20.

[11] R. Doc. 4.  The briefing Order noted that this Court has previously addressed the deficient pleading of KLLM's citizenship with the same defense counsel at least twice, including in No. 21-131, *D. Herta v. Transport Risk Solutions Risk Retention Group, Inc. et al.*, (M.D. La.), and counsel was ordered to review the *Herta* briefing Order at R. Doc. 6 of that docket.

[12] R. Doc. 8-2, ¶ 19 ("KLLM Transport Services, LLC, is a 100% wholly owned by Investment Transportation Services, LLC, who has a single member, Duff Capital Investors, LLC. Duff Capital Investors, LLC, is wholly owned by two members, the Thomas Milton Duff Amended and Restated Trust, whose trustee is Thomas Milton Duff, who resides in and is a citizen of the State of Mississippi, and the James Earnest Duff Amended and Restated Trust, whose trustee is James Earnest Duff, who resides in and is a citizen of the State of Mississippi.").

[13] R. Docs. 8, 9.

[14] R. Doc. 10-1, pp. 1-4.

In response, KLLM filed its unopposed Second Motion to Substitute Petition for Removal, to further clarify its citizenship.[15] While the proposed second Amended Notice of Removal properly referred to the membership of the underlying LLCs (as opposed to ownership), it only generally referred to the citizenship of both the trustees and beneficiaries of the underlying trusts, which was still deficient because it did not identify the trustees and beneficiaries by name.[16] The second Motion to Substitute was, therefore, denied without prejudice to Defendants seeking leave to file an amended Notice of Removal that identified the name and citizenship of each of the trustees and beneficiaries of the trusts.[17]

On June 28, 2024, Defendants filed their opposition to the current Motion,[18] as well as their Ex Parte/Unopposed Third Motion to Substitute Petition for Removal, which again sought to clarify the citizenship of KLLM, and to resolve the current Motion, by identifying the citizenship of the trustees and beneficiaries of the two underlying trusts.[19] The third Motion to Substitute was granted,[20] and the third Amended Notice of Removal, which is the operative one, alleges KLLM's citizenship as follows:

---

[15] R. Doc. 12 and R. Doc. 12-3, ¶ 19 ("Defendant, KLLM Transport Services, LLC, is a limited liability company … that has a single member, Investment Transportation Services, LLC. Investment Transportation Services, LLC, a limited liability company … also has a single member, Duff Capital Investors, LLC. Duff Capital Investors, LLC, a limited liability company…has two members, both of which are trusts…*The Thomas Milton Duff Amended and Restated Trust*: At the time of the filing of the Complaint and at the time this notice was filed, the Thomas Milton Duff Amended and Restated Trust's sole trustee was a natural person permanently residing as a citizen and domiciliary of the State of Mississippi and all of its beneficiaries are likewise natural persons permanently residing as citizens and domiciliaries of the State of Mississippi…*The James Ernest Duff Amended and Restated Trust*: At the time of the filing of the Complaint and at the time this notice was filed, the James Ernest Duff Amended and Restated Trust's sole trustee was a natural person permanently residing as a citizen and domiciliary of the State of Mississippi and all of its beneficiaries are likewise natural persons permanently residing as citizens and domiciliaries of the State of Mississippi.") (emphasis in original).

[16] R. Doc. 13.

[17] *Id.*

[18] R. Doc. 15.

[19] R. Doc. 14.

[20] R. Doc. 16.

Defendant, KLLM Transport Services, LLC…has a single member, Investment Transportation Services, LLC. Investment Transportation Services, LLC… also has a single member, Duff Capital Investors, LLC. Duff Capital Investors, LLC… has two members, both of which are trusts: (1) the Thomas Milton Duff Amended and Restated Trust and (2) the James Ernest Duff Amended and Restated Trust…

a. *The Thomas Milton Duff Amended and Restated Trust*: At the time of the filing of the Complaint and at the time this notice was filed, the Thomas Milton Duff Amended and Restated Trust's sole trustee and beneficiary, Thomas Milton Duff, was a natural person permanently residing as a citizen and domiciliary of the State of Mississippi. Thus, KLLM takes on the Mississippi citizenship of its member the Thomas Milton Duff Amended and Restated Trust.

b. *The James Ernest Duff Amended and Restated Trust*: At the time of the filing of the Complaint and at the time this notice was filed, the James Ernest Duff Amended and Restated Trust's sole trustee and beneficiary, James Earnest Duff, was a natural person permanently residing as a citizen and domiciliary of the State of Mississippi. Thus, KLLM takes on the Mississippi citizenship of its member the James Ernest Duff Amended and Restated Trust."[21]

On July 9, 2024, Plaintiffs filed their Reply Memorandum in Support of Plaintiffs' Motion to Remand to State Court, in which Plaintiffs now agree that Defendants have adequately identified the members of KLLM and Investment Transportation Services, LLC, and have adequately alleged that Duff Capital Investors, LLC has two members.[22] Based on the current allegations, that basis for remand is moot. However, Plaintiffs continue to maintain that, because Defendants have not provided information about what kind of trusts the Trusts are, and the state's law under which they were formed, *etc.*, Defendants have not established the citizenship of, the Thomas Milton Duff Amended and Restated Trust and the James Earnest Duff Amended and Restated Trust (the

---

[21] R. Doc. 18, ¶ 19. In the third Amended Notice of Removal, the name of the second Trust is spelled differently than it was spelled in the first Amended Notice of Removal. *Compare* R. Doc. 1, ¶ 19 ("the James **Earnest** Duff Amended and Restated Trust," which is consistent with the name of its trustee and beneficiary, James **Earnest** Duff) with R. Doc. 18, ¶ 19(b) (referring to "The James **Ernest** Duff Amended and Restated Duff.") (emphasis added in each). "Earnest" is consistent with the name of the trustee/beneficiary, and is therefore the spelling used in this Report.

[22] R. Doc. 20, p. 1.

"Trusts").[23]  Therefore, the question before the Court is whether Defendants have adequately identified the Trusts' members, and their citizenship, so as to sustain Defendants' burden of establishing that this Court has diversity subject matter jurisdiction by a preponderance of the evidence.[24]

## II.    LAW AND ANALYSIS

### A.  Legal Standards as to Subject Matter Jurisdiction and Trusts

"Federal courts are courts of limited jurisdiction…It is to be presumed that a cause lies outside this limited jurisdiction…."[25]  "The federal diversity statute, 28 U.S.C. § 1332(a)(2), states that federal courts have jurisdiction over all civil actions between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds $75,000, exclusive of interest and costs." "The party seeking to invoke federal jurisdiction has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. The basis for diversity jurisdiction must be "*distinctly* and *affirmatively* alleged."[26]  "[28 U.S.C. § 1332] requires complete diversity, meaning that a federal court may not exercise diversity jurisdiction if any one of the plaintiffs is a citizen of the same state as any one of the defendants."[27]  "[T]he jurisdiction of the court depends upon the state of things at the time of the action brought … It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for

---

[23] R. Doc. 20.  Plaintiffs agree that they are Florida citizens and that Slade is a Mississippi citizen.  R. Doc. 10-1, p. 2. Plaintiffs also do not dispute that that Defendants have adequately established that the amount in controversy, and the evidence provided by Defendants establishes that it is met.

[24] No other basis for federal subject matter jurisdiction has been alleged and none is apparent.

[25] *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

[26] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 65 (5th Cir. 2010) (internal citations omitted).

[27] *Menendez*, 364 Fed.Appx. at 65 (internal citations omitted).

the first time on appeal."[28] "The objection that a federal court lacks subject-matter jurisdiction…may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."[29] Remand is proper if at any time the court lacks subject matter jurisdiction.[30] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[31]

For unincorporated entities, the United States Supreme Court has recently affirmed that it "adhere[s] to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all [its] members.'"[32] "Each member of a limited liability company must be specifically identified, and citizenship alleged as to each. This requires tracing a limited liability company's citizenship through the necessary layers until either a natural person or corporation is reached."[33]

### B.  Arguments of the Parties

Plaintiffs contend that the citizenship of the Trusts do not turn simply on their label as "trusts," and Defendants' identification of the domicile of the two individuals who are each both trustee and beneficiary of the Trusts is insufficient to adequately allege the citizenship of the Trusts.[34] Plaintiffs rely on the United States Supreme Court's decision in *Americold Realty Trust*

---

[28] *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570–71 (2004) (citations omitted).

[29] *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 506–07 (2006), citing Fed. Rule Civ. Proc. 12(b)(1).

[30] *See,* 28 U.S.C. § 1447(c).

[31] *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281-82 (5th Cir. 2007).

[32] *Americold Realty Trust v. Conagra Foods, Inc.,* 577 U.S. 378, 381 (2016) citing *Carden v. Arkoma Associates,* 494 U.S. 185, 195-96 (1990) (quoting *Chapman v. Barney,* 129 U.S. 677, 682 (1889)). *But see Hometown 2006-1 1925 Valley View, L.L.C. v. Prime Income Asset Mgmt., L.L.C.,* 847 F.3d 302, 307 (5th Cir. 2017) (involving a bank, in its capacity as the trustee, as the sole member of the plaintiff LLC, "Trusts do not have 'members,' rather a trust exists where a settlor transfers title of property to a trustee to hold in trust for the benefit of beneficiaries.").

[33] *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), report and recommendation adopted, No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018).

[34] R. Doc. 10-1, pp. 4-5; R. Doc. 20, pp. 1-2, 6.

*v. Conagra Foods* ("*Americold*")[35] as support for their contention that additional information is needed to determine the citizenship of the Trusts, which Plaintiffs argue depends on additional information about the nature of the Trusts as determined by the law of the state where they were formed.

*Americold* considered the citizenship of a Maryland real estate investment trust ("REIT") and held that, as an unincorporated association, the REIT took the citizenship of its members; however, nothing in the record provided information regarding the members. Therefore, the Court looked to Maryland law regarding REITs, including their purpose and structure. Noting that, under Maryland law, "a real estate investment trust is an 'unincorporated business trust or association' in which property is held and managed 'for the benefit and profit of any person who may become a shareholder,'" and that a REITs shareholders "have 'ownership interests' and vote[] in the trust by virtue of their 'shares of beneficial interest,'" the Court found that the REIT's shareholders were like the shareholders of a joint-stock company or the partners of a limited partnership, which the Court has previously found to constitute the members of those types of entities. Accordingly, the Court held in *Americold* that the REITs shareholders were the REIT's members.[36] The Court rejected the plaintiff's argument that the citizenship of the REIT was determined by that of its trustee, and explained that the plaintiff's authority, *Navarro Association v. Lee* ("*Navarro*"), does not support that position. The Court reiterated: "*Navarro* had nothing to do with the citizenship of [a] 'trust.'… Rather, *Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person. … This rule coexists with our discussion above that when an artificial entity is sued in *its*

---

[35] *Americold,* 577 U.S. at 383.

[36] *Americold,* 577 U.S. at 382, citing *Carden,* 494 U.S. 185 (other citations omitted) and *see* R. Doc. 20, p. 4.

name, it takes the citizenship of each of its members."[37]   The Supreme Court acknowledged the

confusion surrounding the citizenship of trusts, and explained:

> Americold's confusion regarding the citizenship of a trust is
> understandable and widely shared. *See Emerald Investors Trust v.*
> *Gaunt Parsippany Partners,* 492 F.3d 192, 201–206 (C.A.3 2007)
> (discussing various approaches among the Circuits). The confusion
> can be explained, perhaps, by tradition. Traditionally, a trust was not
> considered a distinct legal entity, but a 'fiduciary relationship'
> between multiple people. *Klein v. Bryer,* 227 Md. 473, 476–477, 177
> A.2d 412, 413 (1962); Restatement (Second) of Trusts § 2 (1957).
> Such a relationship was not a thing that could be haled into court;
> legal proceedings involving a trust were brought by or against the
> trustees in their own name. *Glenn v. Allison,* 58 Md. 527, 529
> (1882); *Deveaux,* 5 Cranch, at 91. And when a trustee files a lawsuit
> or is sued in her own name, her citizenship is all that matters for
> diversity purposes. *Navarro,* 446 U.S., at 462–466, 100 S.Ct. 1779.
> For a traditional trust, therefore, there is no need to determine its
> membership, as would be true if the trust, as an entity, were sued.
>
> Many States, however, have applied the 'trust' label to a variety of
> unincorporated entities that have little in common with this
> traditional template. Maryland, for example, treats a real estate
> investment trust as a 'separate legal entity' that itself can sue or be
> sued. Md. Corp. & Assns. Code Ann. §§ 8–102(2), 8–301(2). So
> long as such an entity is unincorporated, we apply our 'oft-repeated
> rule' that it possesses the citizenship of all its members. *Carden,* 494
> U.S., at 195, 110 S.Ct. 1015. But neither this rule nor *Navarro* limits
> an entity's membership to its trustees just because the entity happens
> to call itself a trust.[38]

---

[37] *Americold,* 577 U.S. at 382–83, citing *Carden,* 494 U.S. 192-93 and *Navarro Savings Assn. v. Lee,* 446 U.S. 458 (1980) (emphasis in original) and *see* R. Doc. 10-1, pp. 5-6.

[38] R. Doc. 10-1, p. 6, citing *Americold,* 577 U.S. at 383 and *RTP LLC v. ORIX Real Est. Cap., Inc.,* 827 F.3d 689, 691–92 (7th Cir. 2016) ("So what is a trust's citizenship? *Americold* has a clear answer: 'While humans and corporations can assert their own citizenship, other entities take the citizenship of their members.' … The Court added that '*Navarro* reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person. This rule coexists with our discussion above that when an artificial entity is sued in *its* name, it takes the citizenship of each of its members.' (emphasis in original; citation omitted). The trusts themselves, not the trustees, are the members of the two LLCs. Detroit's two pension funds contract (and litigate) in their own names. These trusts therefore have the citizenships of their own members.") (also cited by Plaintiffs at R. Doc. 20, pp. 5-6).

Based on this analysis, Plaintiffs argue that Defendants need to provide "the legal features" of the Trusts, both unincorporated entities, including the following information: what state's law creates each trust, and what type of trust is each; whether state law considers either trust a 'distinct legal entity;' whether state law authorizes the trust to sue and be sued in its own name; what are the terms of the trusts; and what do the trust instruments say about the status of any members, shareholders, or trustees.[39] Plaintiffs contend that Defendants must provide this information to adequately determine the Trusts' citizenships.[40]

Plaintiffs additionally contend that the information Defendants have provided about the Trusts, *i.e.*, that they are each compromised of only one person who is both trustee and beneficiary, is "curious," because the definition of a trust contemplates a relationship between at least two people, *e.g.*, "a fiduciary relationship in which one party holds legal title to another's property for the benefit of a party who holds equitable title to the property."[41] According to Plaintiffs, the Trusts here, as described by Defendants, are vehicles by which single individuals are doing business and owning assets for themselves only, which does not align with the features of a fiduciary relationship involving more than one party.

Defendants respond that, "[d]epending on the type of trust involved and party status as a plaintiff or defendant,[42] a trust's "members" confusingly are sometimes its trustees, sometimes its beneficiaries, and sometimes both…" and to eliminate any such confusion, Defendants identified

---

[39] R. Doc. 10-1, p. 7; R. Doc. 20, pp. 2, 5.

[40] R. Doc. 20, p. 3, citing R. Doc. 14-3, p. 6 (also at R Doc. 18, p. 6).

[41] R. Doc. 20, p. 2 citing a Merriam-Webster legal dictionary definition of a trust, and https://www.irs.gov/charities-non-profits/definition-of-a-trust.

[42] Plaintiffs correctly assert that a party's status as a plaintiff or defendant has no bearing on its citizenship. R. Doc. 20, p. 5.

the citizenship of the trustees and beneficiaries.[43]  Defendants contend that their third Amended Notice of Removal identifies the citizenship of the sole trustee and beneficiary of each of the Trusts, who are Mississippi citizens and diverse from Plaintiffs, which resolves this Motion.[44]

### C. Defendants Have Not Sustained their Burden of Establishing the Citizenship of the Trusts Under *Americold*, But Amendment is Warranted

The Fifth Circuit has held on several occasions, and consistent with *Navarro* and *Americold*, that when a trustee sues or is being sued in his own name or capacity, the citizenship of the trustee controls.[45] This case does not involve a trustee suing or being sued in his own name/capacity as trustee, but rather, involves a trust that is a downstream member of an LLC that is a member of a party. While *Americold* considered the citizenship of a trust that was named as a

---

[43] R. Doc. 15, p. 3, citing *Americold,* 577 U.S. at 381-83; *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019); *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 727-29 (2nd Cir. 2017); and *Emerald Investors Trust v. Gaunt Parsipany Partners*, 492 F.3d 192, 201-04 (3rd Cir. 2007).

[44] R. Doc. 15, pp. 2, 5.

[45] *See, e.g., Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Serie*s 2006-24, 866 F.3d 351, 357 (5th Cir. 2017) (holding in a suit where a trustee was a litigant: "As we recognized in *Justice, Americold* 'reiterated [the Supreme Court's] prior holding in *Navarro* ..., 'that when a trustee files a lawsuit in her name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person.' '*Id.* (quoting *Americold*, 136 S.Ct. at 1016). Indeed, *Americold* emphasized that *Navarro*'s rule 'coexists' with *Americold's* discussion that, "when an artificial entity is sued in its name, it takes the citizenship of each of its members." *See Americold*, 136 S.Ct. at 1016. … Here, similar to the trustee in *Justice*, BONYM was sued in its capacity as a trustee. Thus, *Navarro* controls…."); *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Commercial Mortgage. Pass-Through Certificates, Series 2007-3,* 881 F.3d 933, 940 (5th Cir. 2018) (same, holding: "[In Americold] … the Supreme Court held that the real estate investment trust's shareholders' citizenships must be considered… Significantly, because the real estate investment *trust* was *sued in its own name*, the Supreme Court declined to apply the rule from *Navarro* that a federal court looks only at the trustee's citizenship. *Id.* at 1017. Because SGK and Katz sued the U.S. Bank in its capacity as trustee, their reliance on *Americold* is unavailing.") (emphasis in original); *Cook v. Marshall,* 126 F.4th 1031, 1036 (5th Cir. 2025) ("To begin with, the trusts themselves, TMHF and MLF, are not parties. Nor could they be. As traditional trusts, they cannot sue or be sued and, in fact, are not legal entities at all but 'relationships' with no citizenship of their own…This means Cook and Preston [the plaintiff trustee who sued the trustee of a related trust for mismanagement, both named in their own names] are the only parties whose citizenship matters."); *Hometown 2006-1 1925 Valley View, L.L.C.,* 847 F.3d at 306-07 (considering only the citizenship of the trustee of the trust that was the sole member of the plaintiff limited liability company for purposes of determining the plaintiff's citizenship); and *Justice v. Wells Fargo Bank Nat'l Ass'n,* 674 Fed. Appx. 330, 332 (5th Cir. 2016), *as revised* (Mar. 22, 2017) (the citizenship of the defendant bank was that of its trustee because it was sued in its capacity as trustee, and not that of its beneficiaries because the trustee "wields the very sort of 'real and substantial' control over assets held in its name that was long ago contemplated by the Supreme Court in *Navarro*.").

party litigant (and not a downstream member of an LLC, as here),[46] it still required information about the nature of the trust to make the citizenship determination. *Americold* holds that, if the Trusts here are "traditional trusts," and are therefore "not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people," then the trustee's citizenship controls, and "therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued."[47] If however, the Trusts are some other type of legally distinct entity, then the members of the Trusts will need to be identified along with their citizenship.  Therefore, per *Americold*, more information is needed regarding the Trusts so that a determination can be made regarding their citizenships. It is currently unclear whether the Trusts are "traditional," or some other type of unincorporated legally distinct entity.  Because Plaintiffs do not provide information to establish that the Trusts are not diverse, but rather, argue that Defendants have not provided enough information for that issue to be determined; because Defendants may be able to establish that the Trusts are diverse; and because this Report provides guidance as to the necessary showing for the citizenship of a trust to be adequately alleged per *Americold*, it will be recommended that the Motion be denied at this time.  It will be further recommended that, pursuant to 28 U.S.C. § 1653, Defendants be permitted one last opportunity to provide the information described below to

---

[46] It does not appear that the Fifth Circuit has considered the citizenship of a trust in this context, and it is unclear whether the citizenship determination is the same for a trust sued directly versus as a downstream member of another entity.  Recently, the Fifth Circuit noted in an Order in another matter that, "'The law is unclear as to whether the trust's citizenship in this instance is determined by the citizenship of the trustee or by the citizenship of the trust's beneficiaries,' with 'this instance' involving the citizenship of a trust for diversity purposes when the trust is a downstream member of an LLC that is a member of one of the Plaintiffs." *Baton Rouge Ventures, LLC, et al. v. Cedar Grove Capital, LLC, et al.,* No. 20-628, 2025 WL 569628, at *3 (M.D. La. Jan. 21, 2025), citing No. 23-30741, *Baton Rouge Ventures, L.L.C., et al v. Cedar Grove Capital, L.L.C.* (5th Cir. July 9, 2024), R. Doc. 49, p. 1). However, at least one other circuit has held that the consideration is the same.  *See, GBForefront, L.P. v. Forefront Mgmt. Grp., LLC,* 888 F.3d 29, 41 (3rd Cir. 2018) ("The rules for determining citizenship do not change depending on whether a trust is embedded within another business entity.") (citations omitted).

[47] *Americold,* 577 U.S. at 383 (noting that the fiduciary relationship in a traditional trust "was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name… And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes") (citations omitted).

12

sustain their burden of establishing the citizenship of the Trusts, and ultimately, that the parties are completely diverse.[48]

"If the trust is the sole member of Plaintiff LLC…, then an analysis of the trust's citizenship must follow. This analysis focuses on whether the trust is a traditional trust or rather the trust is only nominally a trust but in reality an unincorporated entity like the 'trust' in *Americold*."[49] Accordingly, Defendants must provide the following information, which was considered by *Americold:* the state law under which the Trusts were formed and how state law and the trust documents define the type of trust (*e.g.*, traditional, REIT, etc.),[50] including the Trusts' purposes, the Trusts' treatment of property they manage, the Trusts' membership structures (the persons composing such association, *e.g.*, shareholders) and the rights and powers of the trustees and the members,[51] as well as whether state law treats the Trusts as distinct legal entities that can sue or

---

[48] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This provision, which grants courts authority and discretion to allow parties to cure defective allegations of jurisdiction, 'should be liberally construed to allow a party to cure technical defects....'" *Moreno Energy, Inc. v. Marathon Oil Co*., 884 F.Supp.2d 577, 589 (S.D. Tex. 2012), quoting *Menendez v. Wal-Mart Stores, Inc*., 364 Fed.Appx. 62, 66 (5th Cir. 2010). *See also, Whitmire v. Victus Ltd*., 212 F.3d 885, 887 (5th Cir. 2000) (failure to allege facts establishing jurisdiction need not prove fatal to a complaint because 28 U.S.C. § 1653 permits amendment of defective allegations of jurisdiction; noting that § 1653 is "to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds").

[49] *ML-CFC 2007-6 Puerto Rico Properties, LLC v. BPP Retail Properties, LLC,* No. 17-1199, 2017 WL 9732563, at *8 (D.P.R. Dec. 13, 2017), report and recommendation adopted, No. 17-1199, 2018 WL 1508555 (D.P.R. Mar. 27, 2018).

[50] *See, Americold,* 577 U.S. at 382 ("This case asks us to determine the citizenship of Americold Realty Trust, a 'real estate investment trust' organized under Maryland law. As Americold is not a corporation, it possesses its members' citizenship. Nothing in the record designates who Americold's members are. But Maryland law provides an answer. In Maryland, a real estate investment trust is an 'unincorporated business trust or association' in which property is held and managed 'for the benefit and profit of any person who may become a shareholder.'").

[51] Whether or not the persons underlying the association are called "members" is not dispositive. *Americold,* 577 U.S. at 381-82 ("Despite our oft-repetition of the rule linking unincorporated entities with their 'members,' we have never expressly defined the term. **But we have equated an association's members with its owners or 'the several persons composing such association.'…** Applying this principle with reference to specific States' laws, we have identified the members of a joint-stock company as its shareholders, the members of a partnership as its partners, the members of a union as the workers affiliated with it, and so on," and noting that the shareholders "have 'ownership interests' and vote[] in the trust by virtue of their 'shares of beneficial interest.'" (emphasis added) (citations omitted). *See also, Edwards v. Walmart Louisiana, LLC,* No. 20-669, 2020 WL 7961648, at *2 (M.D. La. Dec. 9, 2020), report and recommendation adopted, No. 20-669, 2021 WL 41072 (M.D. La. Jan. 5, 2021) ("The citizenship of an unincorporated

---

be sued in their own names.[52] If this information establishes that the Trusts are traditional trusts consisting of fiduciary relationships, then the Mississippi citizenship of trustees Thomas Milton Duff and James Earnest Duff is enough to establish that the Trusts are Mississippi citizens, per *Americold.* If, however, the Trusts are not traditional trusts, then Defendants must identify and provide the citizenship information for their members, *i.e.*, the persons underlying the associations comprising the Trusts. If Defendants fail to sustain their burden, remand for lack of complete diversity will be recommended, *sua sponte.*

## III.    RECOMMENDATION

At this time, Defendants have failed to sustain their burden of establishing the citizenship of the Thomas Milton Duff Amended and Restated Trust and the James Earnest Duff Amended and Restated Trust, per *Americold.* It is unclear what type of trusts these entities are, and Defendants must provide additional information regarding the Trusts in order to adequately plead their citizenships. In light of the guidance provided by this Report, and the possibility that Defendants can establish complete diversity, it is recommended that Defendants be given one final opportunity to adequately allege the citizenship of the two Trusts; however, if Defendants fail to sustain their burden, a recommendation of remand will be made *sua sponte.*[53]

---

statutory business entity such as Wal-Mart Real Estate Business Trust is its members, **including its shareholders**.") (emphasis added) (citation omitted). Furthermore, *see* the Seventh Circuit case cited by Plaintiffs, *RTP LLC,* 827 F.3d at 692 ("In *Americold* and its predecessors (including *Carden*), the Justices treated as members all persons who had the equivalent of equity interests in the association. It did not include banks and other entities that had made debt investments;" however, the court also noted that, "[d]rawing a distinction between debt and equity is problematic, however, unless there *is* equity.").

[52] *Americold,* 577 U.S. at 383 (noting that, under Maryland law, a REIT is a "separate legal entity" that itself can sue or be sued), *but see Hollis v. Lynch,* 827 F.3d 436, 443 (5th Cir. 2016), *abrogated by United States v. Diaz on other grounds,* 116 F.4th 458 (5th Cir. 2024) (noting that, "While in some jurisdictions trusts have a separate legal existence, Texas is not one of those.").

[53] Alternatively, if Defendants agree that the Trusts are not diverse from Plaintiffs, Defendants may seek to withdraw their Notice of Removal.

**IT IS RECOMMENDED** that the Motion to Remand,[54] filed by Plaintiffs Ramon Martinez, Barbara Martinez, and Julio Pelegrino, be **DENIED** at this time.

**IT IS FURTHER RECOMMENDED** that, if this Report and Recommendation is adopted, Defendants KLLM Transport Services, LLC and Christopher Michael Slade be given twenty-one (21) days from that ruling to file a motion for leave with an amended Notice of Removal that provides the information described in this Report in order to adequately allege the citizenship of the Thomas Milton Duff Amended and Restated Trust and the James Earnest Duff Amended and Restated Trust. The proposed amended Notice of Removal should be self-contained and adequately allege the citizenship of all parties and the amount in controversy.

Signed in Baton Rouge, Louisiana, February 27, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[54] R. Doc. 10.

15