**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

RAMON MARTINEZ, ET AL.

CIVIL ACTION

VERSUS

24-412-SDD-EWD

KLLM TRANSPORT SERVICES, LLC, ET AL.

**RULING**

Before the Court is the *Motion in Limine and/or Motion for Partial Summary Judgment on Special Damage Claims and Motion in Limine to Exclude and/or Limit Medical Expert Testimony*[1] filed by Defendants KLLM Transport Services, LLC and Christopher Michael Slade ("Defendants"). Plaintiffs Ramon Martinez, Barbara Martinez, and Julio Pelegrino ("Plaintiffs") filed an *Opposition*,[2] to which Defendants filed a *Reply*.[3] The Court has carefully considered the parties' submissions, arguments, and applicable law, and is prepared to rule. For the reasons set forth below, Defendants' *Motion* will be granted in part and denied in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns injuries allegedly arising from a motor vehicle collision on Interstate 10 in Port Allen, Louisiana.[4] The *Petition for Damages and Request for Notice* seeks damages, including past and future medical expenses, lost wages, and lost earning capacity.[5] Plaintiffs' initial disclosures list their treating facilities and treating physicians as

[1] Rec. Doc. 42.
[2] Rec. Doc. 43.
[3] Rec. Doc. 44.
[4] Rec. Doc. 42-1, p. 1 (citing Rec. Doc. 1-4, ¶ 3).
[5] Rec. Doc. 1-4, p. 4.

possible trial witnesses.[6] The disclosures also indicate that the treating physicians will testify regarding causation and that Barbara Martinez's physician will opine regarding future surgery.[7] Plaintiffs' responses to interrogatories inquiring about their earnings included an objection and the assertion that Plaintiffs are not making a claim for lost wages.[8] The deadlines for discovery, Plaintiffs' expert witness list, and Plaintiffs' expert reports have all passed.[9]

The motion currently before the Court requests an order either (1) dismissing Plaintiffs' claims for future medical expenses, past lost earnings, and future lost earnings; or (2) "limiting and excluding" evidence and testimony supporting Plaintiffs' wage loss and future medical expenses claims.[10] The *Motion* also asks the Court to limit or exclude testimony from Plaintiffs' treating physicians regarding medical causation and future medical care, to the extent that such testimony is not contained in their medical reports.[11]

## II. LAW AND ANALYSIS

### A. Treating Physician Testimony

#### 1. Rule 26(a)(2)(C)

Defendants ask the Court to issue an order "limiting the testimony of plaintiffs' treating physicians regarding medical causation to the 'four corners' of their medical reports."[12] Defendants also move for an order "excluding plaintiff's treating physicians from offering testimony at trial regarding future medical care that is not contained in their

[6] Rec. Doc. 42-1, p. 4 (citing Rec. Doc. 42-2).
[7] *Id.* at p. 2 (citing Rec. Doc. 42-2).
[8] *Id.* (citing Rec. Doc. 42-3, p. 8).
[9] Rec. Doc. 41.
[10] Rec. Doc. 42, p. 2.
[11] *Id.*
[12] Rec. Doc. 42, ¶ 3.

medical reports."[13] Both requests are premised on Defendants' contention that Plaintiffs provided neither expert reports nor sufficient disclosures on either topic.[14] While Plaintiffs did not disagree that their treating physicians did not provide expert reports, Plaintiffs assert that their initial disclosures fully disclose "all opinions" and "the future medical recommendations pertaining to Barbara Martinez."[15]

Under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, a non-retained expert, such as a treating physician, need not provide an expert report.[16] However, the party utilizing such an expert must prepare a disclosure stating "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."[17] District courts in the Fifth Circuit have held that the testimony of a treating physician who does not provide an expert report "must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment."[18] The testimony may also include future treatment and its cost, to the extent the physician's records address such information.[19]

The Court has reviewed Plaintiffs' Rule 26 disclosures regarding their treating physicians and finds that the disclosures do not comply with Rule 26(a)(2)(C). Each

---

[13] *Id.* at ¶ 4.
[14] Rec. Doc. 42-1, pp. 4–7.
[15] Rec. Doc. 43, p. 5.
[16] *Thomas v. Walmart*, 815 F. Supp. 3d 451, 464 (M.D. La. 2025) (quoting *Manzanares v. El Monte Rents, Inc.*, No. 24-191, 2025 WL 2831019, at *1 (E.D. Tex. Oct. 6, 2025)).
[17] Fed. R. Civ. P. 26(a)(2)(C).
[18] *Smith v. Comack*, No. 18-1002, 2019 WL 6717021, at *2 (M.D. La. Dec. 10, 2019) (quoting *Barnett v. Deere*, No. 2:15-CV-2, 2016 WL 4735312, at *1 (S.D. Miss. Sept. 11, 2016)).
[19] *Id.*

disclosure contains a nearly identical conclusory, boilerplate description of testimony topics.[20] The scant facts and opinions included in the disclosures all appear to be information the treating physicians obtained during the course of care and treatment.[21] The non-retained expert disclosures do not provide any facts or opinions regarding medical causation and future medical care beyond opinions and observations the physicians obtained during the care and treatment of the Plaintiffs. Therefore, Plaintiffs' non-retained expert disclosures are deficient.

2. Rule 37(c)(1)

Because Plaintiffs' disclosures regarding medical causation or future medical care are deficient under Rule 26(a)(2)(C), their treating physicians' testimony on those topics at trial will be limited to opinions and observations obtained during the care or treatment, "unless the failure [to disclose] was substantially justified or is harmless."[22] The Court examines four factors to determine whether a Rule 26(a) violation was justified or harmless: (1) the party's explanation for its failure to disclose; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure the prejudice.[23]

Plaintiffs, as the disclosing parties, bear "the burden of proving that the failure to timely disclose was substantially justified or harmless."[24] However, Plaintiffs do not address the four-factor test in their *Opposition*. Therefore, Plaintiffs have failed to meet

---

[20] Rec. Doc. 42-2, pp. 2–11.
[21] *See e.g.*, *id.* at p. 4 (stating the results of Ramon Martinez's MRI); p. 7 (stating tests and treatments Barbara Martinez underwent and treatments that were recommended for her); p. 8 (stating the results of Julio Pelegrino's MRI).
[22] Fed. R. Civ. P. 37(c)(1).
[23] *Talbot v. Electric Ins. Co.*, No. 17-299, 2018 WL 8223433, at *4 (M.D. La. Nov. 19, 2018) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).
[24] *Everest Reinsurance Co. v. Cox*, 350 F.R.D. 541, 550 (N.D. Tex. 2025).

their burden.

Moreover, the four-factor test weighs against Plaintiffs. First, Plaintiffs provide no explanation for their deficient disclosures. Instead, they insist they made full disclosures regarding medical causation and future medical care.[25] Second, medical causation and future medical care are likely to be highly important at trial, since both are relevant to the issues pending for trial.[26] Third, Defendants will be prejudiced if the testimony is allowed because neither the disclosures nor the medical records provide Defendants with any information regarding the opinions, beyond those formed during treatment, about which the physicians might testify or the basis for those opinions.[27] Fourth, this Court's "extremely congested" docket weighs against a continuance.[28] Thus, Plaintiffs' failure to comport with Rule 26(a)(2)(C) was not substantially justified or harmless.

Accordingly, Plaintiffs' treating physicians' testimony related to medical causation and future medical care are limited to (1) facts disclosed during care and treatment of the Plaintiffs, and (2) the physicians' opinions based on their own personal knowledge and observations obtained during the course of care and treatment. Therefore, the *Motion* is granted to the extent that it seeks an order limiting the treating physicians' testimony regarding medical causation and future medical care.[29]

B. <u>Summary Judgment Standard</u>

In reviewing a party's motion for summary judgment, the Court will grant the motion

---

[25] Rec. Doc. 43, pp. 4–5.
[26] *See Talbot*, 2018 WL 8223433, at *4 (stating causation and future medical treatment are likely to be highly important at trial where causation and damages were issues remaining for trial).
[27] *See Lefebure v. Boeker*, No. 17-1791, 2024 WL 4182922, at *2 (M.D. La. Sept. 13, 2024) (finding prejudice to the defendant where the plaintiff's disclosure provided no detail about the treating physicians' opinions or any facts they would include in their testimony).
[28] *Id.* at *3; *Talbot*, 2018 WL 8223433, at *4.
[29] Rec. Doc. 42, p. 2.

if (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment as a matter of law.[30] This determination is made "in the light most favorable to the opposing party."[31] A party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact," but they "need not negate the elements of the nonmovant's case."[32] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[33] However, the non-moving party's burden "'is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"[34]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[35] All reasonable factual inferences are drawn in favor of the nonmoving party.[36] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[37] Conclusory allegations unsupported by specific facts will not prevent the award of summary judgment; the plaintiff cannot rest on his

---

[30] Fed. R. Civ. P. 56(a).

[31] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); 6 V. Moore, Federal Practice 56.15(3) (2d ed. 1966)).

[32] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F. Supp. 2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).

[33] *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

[34] *Willis v. Roche Biomedical Lab., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little*, 37 F.3d at 1075).

[35] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[36] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

[37] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

allegations to get to a jury without any "significant probative evidence tending to support the complaint."[38] Likewise, the "fundamental rules governing summary judgment"[39] prohibit the Court from weighing evidence or making credibility determinations. "By choosing which testimony to credit and which to discard, a court improperly weighs the evidence."[40]

1. Violation of Rule 56(c) and Local Rule 56

This Court's Local Rules require the parties to support a motion for summary judgment and an opposition thereto with "a separate, short, and concise statement of material facts."[41] Each assertion in these statements shall be supported "by a record citation."[42] "The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts."[43] However, "caselaw recognizes that the Court can still consider record evidence to determine if there is a factual dispute."[44] Neither Plaintiffs nor Defendants submitted the required separate statement of material facts. To the extent the parties' briefings direct the Court to specific summary judgment evidence to support an offered fact, the Court will consider same.[45]

---

[38] *National Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[39] *Burton v. Freescale Semiconductor, Inc.,* 798 F.3d 222, 236 (5th Cir. 2015).
[40] *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 245 (5th Cir. 2016) (cleaned up) (quoting *Tolan v. Cotton*, 572 U.S. 650, 657 (2014)).
[41] M.D. La. L.R. 56(b)(1), (c).
[42] M.D. La. L.R. 56(b)(1), (c).
[43] M.D. La. L.R. 56(f).
[44] *Gruver v. Louisiana through Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 654 F. Supp. 3d 539, 546 (M.D. La. 2023) (quoting *Braud v. Wal-Mart Stores, Inc.*, No. 3:17-CV-320, 2019 WL 3364320, at *4 (M.D. La. July 25, 2019)); *Santos v. Baton Rouge Water Works Co.*, No. 18-1098, 2021 WL 1227875, at *1 (M.D. La. Mar. 31, 2021).
[45] *Gruver*, 654 F. Supp. 3d at 546.

Federal Rule of Civil Procedure 56(c) dictates that a party "asserting that a fact cannot be or is genuinely disputed must support the assertion" through citation to "particular parts of materials in the record" or through a showing that cited materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[46] "The court need consider only the cited materials, but it may consider other materials in the record."[47]

The *Memorandum in Support* includes record citations to support the facts alleged therein. The *Opposition* does not contradict these factual allegations, nor does it contain its own "facts" section. When a party fails to "properly address another party's assertion of fact," the court may, among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it."[48]

2. Future Medical Expenses

Under Louisiana law, a plaintiff may recover for future medical expenses resulting from tortious conduct.[49] To recover these expenses, "a plaintiff must 'show the probability of future medical expenses with supporting medical testimony and estimations of their probable cost.'"[50] Awards for future medical expenses generally are highly speculative and insusceptible of calculation with mathematical certainty, so these awards generally turn on questions of credibility and inferences.[51]

---

[46] Fed. R. Civ. P. 56(c)(1).
[47] Fed. R. Civ. P. 56(c)(3).
[48] Fed. R. Civ. P. 56(e)(2)–(3).
[49] *Menard v. Lafayette Ins. Co.*, 2009-1869 (La. 3/16/10), 31 So. 3d 996, 1006.
[50] *Ikerd v. Berkshire Hathaway Homestate Ins. Co.*, No. 23-890, 2023 WL 8237275, at *2 (E.D. La. Nov. 28, 2023) (quoting *Berry v. Auto-Owners Ins. Co.*, 634 F. App'x 960, 964 (5th Cir. 2015)).
[51] *Clark v. Singh*, No. 3:24-CV-01138, 2025 WL 3726769, at *2 (W.D. La. Oct. 23, 2025) (quoting *Menard*, 31 So. 3d at 1006).

Defendants argue that Plaintiffs have insufficient evidence to support an award of future medical expenses because they have not identified any expert witness testimony or other evidence in support of their claims or to show the cost of any future medical care.[52] Plaintiffs insist they have disclosed future medical expense claims under Rule 26 "and are entitled to have them presented to a properly instructed jury."[53]

An award for future medical expenses requires "medical testimony that the expenses for necessary treatment are indicated and setting out their probable cost."[54] As discussed above, Plaintiffs' treating physicians will be allowed to testify regarding future treatment to the extent the physicians' records address such information.[55] And Plaintiff Barbara Martinez's medical records that were attached to Plaintiffs' *Opposition* state that her doctor recommended two procedures: a "C5-6 anterior cervical discectomy fusion" and an "L4-5 posterior lumbar interbody fusion."[56] The records also include the estimated costs of these procedures.[57] This evidence contradicts Defendants' assertion that Plaintiffs have no evidence to show the cost of future medical care. Thus, there is a genuine issue of material fact regarding Barbara Martinez's future medical expenses, and summary judgment is not appropriate. Furthermore, Defendants have not adequately shown that exclusion of this claim from trial is appropriate. The *Motion* is denied as to Barbara Martinez's claims for future medical expenses.

As to Ramon Martinez and Julio Pelegrino, the Court agrees with Defendants that

[52] Rec. Doc. 42-1, p. 9.
[53] Rec. Doc. 43, pp. 6–7.
[54] *Banks v. Meier*, No. 17-12, 2018 WL 3945608, at *3 (M.D. La. Aug. 15, 2018). *See Boutte v. Ace Am. Ins. Co.*, 2024-658 (La. App. 3 Cir. 6/18/25), 416 So. 3d 774, 788 (stating medical testimony and estimations of probable cost show the probability of future medical expenses) (quoting *Menard*, 31 So. 3d at 1006).
[55] Rec. Doc. 43, pp. 6–7.
[56] Rec. Doc. 43-2, p. 1.
[57] *Id.*

Plaintiffs have insufficient evidence to support their claims for future medical expenses. Plaintiffs provide the Court with no evidence or citations to record documents that support a claim for future medical expenses for these two Plaintiffs. After reviewing the record, the Court finds no evidence suggesting either Ramon Martinez or Julio Pelegrino[58] received any recommendations for future medical care.[59] Without any evidence of recommendations for future medical treatment, these Plaintiffs cannot properly support a claim that future medical expenses will be medically necessary.[60] Therefore, there is no genuine issue of material fact regarding Ramon Martinez and Julio Pelegrino's future medical expenses claims, and summary judgment will be granted on those claims.

3. Lost Wages

For a past lost wages claim, "a plaintiff must prove positively that he would have been earning the wages but for the accident in question."[61] "The plaintiff must show past lost earnings, and the duration of time missed from work due to the accident."[62] A plaintiff's own testimony may serve as such proof, but when this testimony is not supported by "extrinsic evidence, expert testimony, or medical evidence" linking the diminished wages to the accident, courts often find no factual basis for a lost wages award.[63] Claims for past lost wages need independent support.[64]

An award for loss of future earnings is based on "the difference between the

---

[58] Though Plaintiffs' initial disclosures claim Julio Pelegrino "was a potential candidate for spinal injections," they do not indicate that any such injections were recommended. Rec. Doc. 42-2, p. 11.
[59] The Court also notes that Plaintiffs' *Opposition* mentions disclosure of Barbara Martinez's future medical recommendations but does not assert that future medical recommendations were disclosed regarding the other two Plaintiffs. Rec. Doc. 43, p. 5.
[60] *Menard*, 31 So. 3d at 1006 ("A plaintiff shows the probability of future medical expenses with supporting medical testimony and estimations of their probable cost.").
[61] *Stover v. AIG Prop. Cas. Co.*, No. 23-821, 2025 WL 1116454, at *2 (W.D. La. Apr. 15, 2025).
[62] *Gonzalez v. Laine*, No. 24-2026, 2025 WL 1220748, at *4 (E.D. La. Apr. 28, 2025).
[63] *Id.*
[64] *Stover*, 2025 WL 1116454, at *2.

plaintiff's earning capacity before and after the disabling injury."[65] "To obtain an award for loss of earning capacity, 'a plaintiff must present medical evidence which indicates with reasonable certainty that there exists a residual disability causally related to the accident.'"[66] "These awards are 'intrinsically insusceptible of mathematical exactitude;' however, loss of future earning capacity 'cannot be based purely on speculation, conjecture, and probabilities.'"[67]

Defendants argue Plaintiffs have not provided a basis to calculate their alleged claims for past lost wages, loss of future earnings, or loss of earning capacity.[68] First, Plaintiffs' discovery responses stated, "Plaintiffs are not currently making a claim for lost wages."[69] Second, Defendants also assert that Plaintiffs have provided no tax or income records or other documentation of calculations to support these claims.[70]

Plaintiffs rely solely on Ramon Martinez's uncorroborated deposition testimony to support the lost wages claims.[71] In that deposition, Ramon Martinez testified that his doctor did not restrict him from working and that he continued working after the accident.[72] However, for two months after the accident, he would occasionally miss work due to the

---

[65] *Gonzalez*, 2025 WL 1220748, at *4.
[66] *Stover*, 2025 WL 1116454, at *2 (quoting *Aisole v. Dean*, 574 So. 2d 1248, 1252 (La. 1991)).
[67] *Stephens v. Carter*, No. 15-CV-521, 2017 WL 54342, at *3 (M.D. La. Jan. 4, 2017).
[68] Rec. Doc. 42-1, pp. 10–11.
[69] *Id.* at p. 10 (emphasis omitted) (citing Rec. Doc. 42-3, p. 8). Specifically, the quoted statement was used in response to Defendants' interrogatories requesting employment information, gross income, tax forms, and information on financial or economic losses resulting from the accident, as well as Defendants' request for production of tax returns and attachments. Rec. Doc. 42-3, pp. 7–9, 15. The Court also notes that when they were asked to itemize their damages, Plaintiffs responded, "none." *Id.* at p. 12. The parties have not presented supplemental discovery responses or other evidence to the Court that indicates Plaintiffs updated their responses to reflect their wage loss claims and to provide discoverable information regarding such claims. *See* Fed. R. Civ. P. 26(e)(1)(A) (stating that a party "must supplement or correct its disclosure or [interrogatory] response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect"). Based on Defendants' assertion that Plaintiffs have not provided a basis to calculate these damages, it appears that Plaintiffs never supplemented these discovery responses.
[70] Rec. Doc. 42-1, p. 10.
[71] Rec. Doc. 43, pp. 7–8 (quoting Rec. Doc. 43-3, p. 9).
[72] Rec. Doc. 43-3, pp. 8–9.

pain, and he paid someone to help with his work.[73] Ramon Martinez also stated he could not provide a number when asked how much income he lost.[74] Without physical restrictions imposed by a physician to support the testimony regarding his limitations, Ramon Martinez "has a causation issue."[75] His "self-serving testimony, without corroboration by any other source," cannot serve as the basis for an award of past lost wages or lost earning capacity.[76] Plaintiffs offer no evidence to support Barbara Martinez's and Julio Pelegrino's wage loss claims. Therefore, Plaintiffs have offered insufficient evidence to support their claims of lost wages or lost earning capacity.

## III. CONCLUSION

For the foregoing reasons, Defendants' *Motion in Limine and/or Motion for Partial Summary Judgment on Special Damage Claims and Motion in Limine to Exclude and/or Limit Medical Expert Testimony*[77] is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED insofar as it seeks to limit treating physician testimony on medical causation and future medical care and GRANTED to the extent that it seeks to dismiss Martinez's and Pelegrino's future medical expenses claims and all three Plaintiffs' claims for lost wages and lost earning capacity. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 5th day of October, 2026.

*Shelly D. Dick*

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[73] *Id.* at pp. 7–10.
[74] *Id.* at p. 6.
[75] *Stephens*, 2017 WL 54342, at *3.
[76] *Id.* at **2–3; *Bennett v. Stribling*, 96-1012 (La. App. 1 Cir. 3/27/97), 694 So. 2d 991, 993.
[77] Rec. Doc. 42.